Filed 10/20/14  P. v. Garcia CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE LUIS GARCIA,<br><br>    Defendant and Appellant. | D065394<br><br><br><br>(Super. Ct. No. CR132848) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Szumowski, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

On July 17, 1992, Jose Luis Garcia entered a guilty plea to possession of marijuana for sale (Health & Saf. Code, § 11359).  He served 90 days in jail as a condition of probation.

At the time of his plea, Garcia was assisted by his bilingual attorney and a certified court reporter. The change of plea form included a paragraph advising him that if he was not a citizen he could be subject to deportation, exclusion from the country or denial of naturalization. Garcia initialed that paragraph.

In 1999, Garcia was notified by federal authorities of initiation of deportation/removal proceedings as a result of his 1992 conviction. The record does not contain any information regarding the resolution of removal proceedings.

In October 2013, Garcia filed a motion pursuant to Penal Code section 1016.5 seeking to vacate his 1992 guilty plea. The motion did not include a declaration from Garcia nor did Garcia testify at the motion hearing. The theory upon which the motion was based was claimed error because Garcia's bilingual attorney translated the change of plea form for him as she reviewed it with him prior to his signature. Garcia had a certified interpreter for the change of plea process. Garcia contended in his motion that he had a constitutional right to have a certified interpreter translate the form for him in his conference with his attorney. Garcia has never testified that he did not understand the form as translated by his attorney. The trial court denied the motion to vacate the 1992 guilty plea.

Garcia filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has been unable to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as

2

mandated by the *Wende* decision. We offered Garcia the opportunity to file his own brief on appeal, but he has not responded.[1]

In compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issues to assist the court in its review of the record:

1. Was the denial of the motion without an evidentiary hearing an abuse of discretion and/or did said decision deny appellant his right to understand all proceedings as guaranteed by article I, section 1 of the California Constitution, and his right to trial by jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution?

2. Did the court abuse its discretion in finding that appellant was properly advised pursuant to Penal Code section 1016.5 notwithstanding the showing that the plea advisement form was not translated by a certified interpreter?

We have reviewed the entire record as mandated by *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738 and have not identified any reasonably arguable issues for reversal on appeal. Competent counsel has represented Garcia on this appeal.

---

[1] We have not set forth a statement of facts because no evidence, either written or oral, was introduced regarding the facts of the offense and Garcia did not offer any evidence at the motion hearing.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.